**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JORGE A. TORRES,** : | |
| Plaintiff : | CIVIL ACTION NO. 3:14-0349 |
| v. : | (MANNION, D.J.) |
| | (SCHWAB, M.J.) |
| **DAVID A.M. ASCENCIO,** *et al.*, : | |
| Defendants : | |

**MEMORANDUM**

Pending before the court is a complaint in which plaintiff Jorge Anibal Torres, formerly a resident of East Stroudsburg, Pennsylvania, and currently a resident of Ocala, Florida, claims that he paid $455,350.25 to his attorneys in El Salvador, defendants David Amael Moran Ascenci and Smirna Salazar de Calles, to secure the well being and release of his wife, Ana Josefa Galvarina Ramirez Orellana, who is detained in El Salvador. Plaintiff avers defendants promised him that his wife would be released with his payment of money, however, he states, "through thievery, fraud, extortion and false information [defendants have kept his] wife detained in order to secure the [continued] payments of monies [from plaintiff]." (Doc. 1, at 2). Plaintiff further alleges that he has been forced to sell his house in the Dominican Republic "in order to secure the monies demanded by the defendants and [that] the

defendants have lied to the plaintiff as his wife has never been released and is being used as collateral to keep demanding monies from the plaintiff." (*Id*.).

Plaintiff seeks as relief monetary damages in the amount of $455,350.25, and a permanent injunction refraining defendants from contacting him to demand more money and from giving false information to the media to damage his reputation. (*Id*.). Also before the court is a recommendation from Judge Schwab that the case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

# I.  PROCEDURAL HISTORY

On February 26, 2014, plaintiff filed a *pro se* complaint under 28 U.S.C. §1332 raising claims of fraud and extortion. (Doc. 1). The plaintiff paid the filing fee. On September 17, 2014, Judge Schwab issued an order directing plaintiff to file a status report by October 16, 2014, advising the court whether the defendants were properly served, and if so, on what date. (Doc. 3). The order also stated that plaintiff's failure to respond may result in a recommendation that his case be dismissed for failing to prosecute. The order mailed to plaintiff at his last known address was returned on September 30, 2014, as "Not Deliverable as Addressed" and no forwarding address was

2

available. (Doc. 5). On October 20, 2014, Judge Schwab issued an order directing plaintiff to update his address and to file his status report by November 17, 2014. (Doc. 5). The order also stated that plaintiff's failure to respond will result in a recommendation that his case be dismissed. The order, (Doc. 5), mailed to plaintiff at his last known address was returned on October 31, 2014, as "Not Deliverable as Addressed" and no forwarding address was available. (Doc. 6). On November 7, 2014, plaintiff filed a proof of service and notice of change of address indicating that his address was now in Ocala, Florida. Plaintiff also stated that he served both defendants on March 5, 2014, by a local Salvadoran process server and by an attorney, and he attached two proofs of service with respect to the two defendants. On December 4, 2014, Judge Schwab issued an order directing plaintiff to file a status report on his case by December 23, 2014. (Doc. 8). The order also stated that plaintiff's inaction may result in a recommendation that his case be dismissed for failure to prosecute. The plaintiff did not timely respond to the order and, to date he has not filed his status report nor requested an extension of time to do so. Further, plaintiff has not taken any action on his case since he filed his proof of service and notice of change of address on November 7, 2014. On January 9, 2015, Judge Schwab filed a report and

recommendation in which she recommends that plaintiff's complaint be dismissed pursuant to Fed.R.Civ.P.41(b) for failure to prosecute. (Doc. 9). The plaintiff has not filed any objections to the report and recommendation. The court notes that neither the December 4, 2014 order nor the January 9, 2015 report and recommendation of Judge Schwab mailed to plaintiff at his updated address in Florida were returned as undeliverable.

## II.   LEGAL STANDARD

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31. Under FRCP 41(b), an action may be dismissed for "failure of the plaintiff to *prosecute* or comply

with these rules or *order of the court*." (Emphasis added).

## III. DISCUSSION

The court agrees with Judge Schwab that plaintiff has willfully failed to prosecute his claims, and that the consequences of this failure were made abundantly clear to him on several occasions. Since plaintiff clearly intended to abandon his case, the typically applicable *Poulis* factors need not be considered. *See* [Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984)](). Nonetheless, the court concurs completely with Judge Schwab's analysis of the *Poulis* factors to this case. (Doc. 9, at 2-3).

The court has reviewed the recommendation of Judge Schwab for dismissing plaintiff's complaint. Because the court agrees with the sound reasoning that led Judge Schwab to the conclusion in her report and finds no clear error on the face of the record, the court will adopt the report in its entirety. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Date: February 6, 2015
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0349-01.wpd